<p style="text-align:center; color:red">Corrected</p>

# In the United States Court of Federal Claims

<table>
<tr>
<td>

VICKEY STEVE PARKER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

</td>
<td>

No. 21-cv-1551

Filed: August 3, 2022

</td>
</tr>
</table>

## ORDER

On August 5, 2021, this Court dismissed *pro se* Plaintiff Vickey Steve Parker's Complaint (ECF No. 1) for failure to prosecute. *See* Order of Dismissal (ECF No. 10); Judgment (ECF No. 11). Eleven months later, this Court received three hand-written letters from plaintiff styled as motions seeking (1) relief from judgment, (2) permission to proceed *in forma pauperis*, and (3) appointment of counsel. *See* Plaintiff's Motion to Revive Judgment Arbitration and Mediation Proceeding (Pl.'s Mot. to Revive) (ECF No. 14); Plaintiff's Motion Requesting Leave to Proceed Without Payment (Pl.'s IFP Mot.) (ECF No. 16); Plaintiff's Motion Requesting Court to Appoint Counsel (Pl.'s Appointment Mot.) (ECF No. 18). This Court ordered the Clerk of Court to docket Plaintiff's letters. *See* Order Filing by Leave Plaintiff's Mot. to Revive Judgment Arbitration and Mediation Proceeding (ECF No. 13); Order Filing by Leave Plaintiff's Motion Requesting Leave to Proceed Without Payment (ECF No. 15); Order Filing by Leave Plaintiff's Motion Requesting Court to Appoint Counsel (ECF No. 17). For the reasons discussed below, this Court finds it appropriate to relieve Plaintiff from this Court's judgment dismissing his case for failure to prosecute. Further, this Court will permit Plaintiff to proceed *in forma pauperis* for the limited purpose of determining whether this Court has jurisdiction over Plaintiff's claims. While this

revives Plaintiff's case, this Court must summarily dismiss Plaintiff's Complaint again for lack of subject matter jurisdiction.  As this Court lacks jurisdiction over Plaintiff's Complaint, it must deny as moot Plaintiff's request for this Court to appoint counsel.

<u>BACKGROUND</u>

On July 6, 2021, this Court received a "Sworn Decloration [sic]" from Plaintiff, which this Court treated as a Complaint.  Plaintiff's Complaint (ECF No. 1) (Compl.).  Plaintiff alleged in his Complaint that "there is an obvious conspiracy of identity theft in operation using the name Viki illegally to steal [his] compensation." *Id.* at 1 (cleaned up).  Plaintiff specifically complained that he had not received compensation from his "Civil Rights Law Suits." *Id.*  He further alleged that his correspondence with various courts were intercepted by an unidentified person or organization and opened without Plaintiff's knowledge, acts which he identifies as "Mail Fraud and Burgery [sic]." *Id.* at 2.  To remedy the alleged theft and fraud, Plaintiff requests "an immediate F.B.I. and C.I.A. investigation." *Id.*

Plaintiff filed his Complaint without paying the court-required filing fee or applying to proceed *in forma pauperis* (IFP).  Notice of Filing Fee Due (ECF No. 4.)  Accordingly, on July 6, 2021, this Court issued an order requiring Plaintiff to pay the requisite fees or submit an IFP application within 21 days. July 13, 2021 Order (ECF No. 6) (IFP Order).  The IFP Order warned Plaintiff that the Court would dismiss his case under Rule 41 of the Rules of the United States Court of Federal Claims (Rules or RCFC) for failure to prosecute if he did not comply with the Order. *Id.*  The Clerk of Court mailed the IFP Order to Plaintiff at the address he had provided in his filings.  Compl. at 2; ECF No. 12.

Plaintiff failed to comply with this Court's IFP Order.  *See* Order of Dismissal.  Thus, on August 5, 2021, this Court dismissed Plaintiff's Complaint without prejudice for failure to

prosecute under Rule 41. *Id.* The Court entered judgment the same day, terminating the case. Judgment. The Clerk of the Court mailed the Court's Order of Dismissal and Judgment to the Plaintiff at the address he had provided the Court. ECF No. 12; *see also* Compl. at 2.

On February 14, 2022, over six months after this case terminated, the United States Postal Service returned several items of mail to the Court because they were sent to a vacant address. *See* ECF No. 12. Accordingly, this Court's July 13, 2021 IFP Order, the Order of Dismissal, and the Judgment were not delivered to Plaintiff. *See* ECF Nos. 12, 12-1, 12-2.


APPLICABLE LEGAL STANDARD

I.   Relief from Judgment

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "mistake, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1). A movant seeking relief for excusable neglect must bring his motion "within a reasonable time," but "no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1).

The Federal Circuit considers four factors in determining "excusable neglect": "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Moczek v. Sec'y of Health and Hum. Servs.*, 776 F. App'x 671, 673-74 (Fed. Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Ltd. P'ship*, 507 U.S. 380, 395 (1993)). This is ultimately an equitable determination that requires consideration of all relevance circumstances surrounding the movant's neglect. *See id.* at 674.

II.   <u>Subject Matter Jurisdiction</u>

Pursuant to Rule 12(h)(3), this Court must dismiss claims outside of its subject matter jurisdiction. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  The Tucker Act, which acts as a waiver of sovereign immunity, provides this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  For a claim to fall within this Court's "jurisdiction under the Tucker Act, a plaintiff must identify a money-mandating statute or agency regulation." *Bell v. United States*, 20 F.4th 768, 770 (Fed. Cir. 2021).

As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* plaintiffs.  *See Landreth*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (per curiam); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Brewington v. United States*, No. 19-CV-611 C, 2020 WL 1818679, at *1 (Fed. Cl. Apr. 1, 2020), *aff'd*, No. 2020-1788, 2020 WL 6494841 (Fed. Cir. July 23, 2020).  While this Court must liberally construe their filings, *pro se* plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Landreth*, 797 F. App'x at 523; *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (per curiam).

<u>DISCUSSION</u>

I.   <u>Plaintiff's Excusable Neglect Warrants Relieving Plaintiff from Judgment</u>

On July 5, 2022, this Court received a letter from Plaintiff styled as a "Motion to Revive Judgment Arbitration and Mediation Proceeding."  Pl.'s Mot. to Revive at 1.  Plaintiff explained

in his motion that he was arrested on July 8, 2021, and had remained in prison until February 15, 2022.  *Id.* ¶¶ 1-2.  Thus, according to Plaintiff, he did not receive a copy of the Notice of Assignment and associated initial case management documents mailed to him on July 8, 2021, until April 2022.  *See id.* ¶¶ 1, 3.  Plaintiff requests that this Court "reviv[e] judgment and continue arbitration and mediation proceeding."  *Id.* at 1.  While this Court did not order arbitration or mediation, the context of Plaintiff's motion suggests that Plaintiff seeks relief from judgment under Rule 60.  Relief is warranted here.

Plaintiff's situation tips the equities in favor of granting relief under Rule 60(b).  First, the "danger of prejudice to" Defendant is low.  *Moczek*, 776 F. App'x at 673 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).  As discussed below, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.  Consequently, Defendant's position remains unchanged. Second, while the "length of the delay" between this Court's Order dismissing the case and Plaintiff's Motion for Relief from Judgment is eleven months, the delay will not have an "impact on judicial proceedings" because the case will remain open for a brief amount of time necessary for this Court to issue an Order dismissing the case on jurisdictional grounds.  *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

Third, Plaintiff's delay was not "within [his] reasonable control."  *Id.* at 673-74 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).  The delay is not attributable to Plaintiff's conduct following notice of this Court's Orders; rather, the delay occurred because Plaintiff never received this Court's orders.  *See* Pl.'s Mot. to Revive ¶¶ 1-3; ECF Nos. 12, 12-1, 12-2.  This Court was unaware that Plaintiff was arrested shortly after the Court issued its IFP Order and did not learn that Plaintiff was unreachable at the address listed in Plaintiff's filing documents until February 14, 2022.  *See* ECF No. 12.  Under these circumstances, and despite Plaintiff's obligation to update

his address with the Clerk of Court, this Court is unwilling to attribute to Plaintiff culpability for the delay.

Finally, Plaintiff "acted in good faith." *Moczek*, 776 F. App'x at 674 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). Once Plaintiff learned of the dismissal, he soon filed motions with this Court seeking to remedy his failure to prosecute. *See* Pl.'s Mot. to Revive. "[T]aking account of all relevant circumstances surrounding [Plaintiff's] omission," this Court finds Plaintiff's failure to timely comply with this Court's July 13, 2021 Order excusable. *Moczek*, 776 F. App'x at 674 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). This Court, therefore, relieves Plaintiff from the Judgment entered on August 5, 2021, and **DIRECTS** the Clerk of Court to re-open this matter.

II.    This Court Lacks Jurisdiction over Plaintiff's Claims

While this Court finds it appropriate to relieve Plaintiff from judgment based on a failure to prosecute, the Court must now dismiss Plaintiff's Complaint on substantive grounds. As noted, this Court has jurisdiction over claims against the United States to the extent sovereign immunity is waived by the Tucker Act. 28 U.S.C. § 1491(a)(1); *see supra* p. 4. However, "the Tucker Act expressly excludes tort and criminal claims." *Cycenas v. United States*, 120 Fed. Cl. 485, 492 (2015); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[T]he Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding Court of Federal Claims may not "adjudicate any claims whatsoever under the federal criminal code"). Plaintiff's identity theft, mail fraud, and burglary allegations, *see* Compl. at 1-2, all sound in tort or criminal law. *See* Compl. at 1-2; *Cycenas*, 120 Fed. Cl. at 492 (explaining that the court lacked jurisdiction over plaintiff's claims of "plaintiff's claims of conspiracy, fraudulent misrepresentation, fraud, identity theft, un-authorized disclosure of private information, or invasion of privacy" because "the

Tucker Act expressly excludes tort and criminal claims"); *Mendiola v. United States*, 124 Fed. Cl. 684, 688 (2016) ("Thus, with respect to plaintiff's claims of . . . theft, and embezzlement, this court lacks jurisdiction."); *Carter v. United States*, No. 2020-1452, 2020 WL 8474618, at *1 (Fed. Cir. Apr. 30, 2020) ("The Claims Court here was clearly correct that it lacked jurisdiction to grant [plaintiff] relief concerning her assertions of fraud and theft because those claims sound in tort or criminal conduct, and are thus outside the Claims Court's limited jurisdiction."). As this Court lacks jurisdiction over such claims, it must dismiss those portions of Plaintiff's Complaint. *See* Rule 12(h)(3).

To the extent it may be characterized as a claim, Plaintiff's remaining allegation in his Complaint appears to emanate from his "Civil Rights Law Suits." *See* Compl. at 1. The Court discerns three possible intents behind Plaintiff's references to civil rights lawsuits: (1) Plaintiff seeks payment from Defendant under a settlement agreement reached in a case before another court, (2) Plaintiff wants this Court to review or enforce a judgment rendered in another jurisdiction, or (3) Plaintiff pleads a new civil rights case in this Court. This Court lacks jurisdiction under all three possible interpretations.

Plaintiff has not identified a settlement agreement entitling him to payment based on a civil rights lawsuit in another jurisdiction. However, to the extent one exists, Plaintiff has not established that he can maintain a breach of contract claim in this Court. The Tucker Act grants this Court jurisdiction over claims for breach of some settlement agreements. *See Holmes v. United States*, 657 F.3d 1303, 1312 (Fed. Cir. 2011). However, the existence of a contract, such as a settlement agreement, does not always mean that Tucker Act jurisdiction exists. *See Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1365 (Fed. Cir. 2021). Where a settlement "could involve purely nonmonetary relief," courts require the plaintiff to demonstrate that the settlement

agreement "could fairly be interpreted as contemplating money damages in the event of breach." *Holmes*, 657 F.3d at 1315. In the civil rights context, settlement agreements may involve purely nonmonetary relief. *See id.* ("[W]e readily accept that settlement of a Title VII action involving the government could involve purely nonmonetary relief — for example, a transfer from one agency office to another."). Here, Plaintiff has not identified *any* settlement agreement stemming from his civil rights lawsuits, let alone an agreement that contemplates money damages. *See* Compl. Accordingly, this Court lacks jurisdiction over claims stemming from Plaintiff's "Civil Rights Law Suits" to the extent they entail a breach of a settlement agreement.

Likewise, this Court cannot consider Plaintiff's claims to the extent they seek enforcement or review of judgment rendered in another forum, as "the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015). Finally, to the extent Plaintiff wishes to initiate a new civil rights lawsuit here, it is well-established that this Court may not adjudicate such claims. 28 U.S.C. § 1343; *see Dourandish v. United States*, 629 F. App'x 966, 971 (Fed. Cir. 2015) ("Original jurisdiction over claims under the Civil Rights Act is vested in the district courts."); *see also Lewis v. United States*, 147 Fed. Cl. 189, 192 (2020) ("[E]xclusive jurisdiction to hear civil rights claims resides in the federal district courts."). Thus, this Court lacks subject matter jurisdiction over these claims and must, as a matter of law, dismiss the remainder of Plaintiff's Complaint. *See* Rule 12(h)(3).

Even if this Court could entertain the allegations in Plaintiff's Complaint, it cannot order the F.B.I. or C.I.A. to investigate Plaintiff's allegations as "[t]he Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief." *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013); *see James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) (holding "claims

for equitable relief . . . lie outside the Tucker Act jurisdiction of the Court of Federal Claims"). In sum, Plaintiff's Complaint asserts claims outside this Court's jurisdiction and seeks relief this Court cannot provide. Accordingly, this Court has not choice except to dismiss Plaintiff's suit pursuant to Rule 12(h)(3).

III.   <u>Plaintiff's Motion Seeking Appointment of Counsel is Moot</u>

On July 5, 2022, this Court also received a letter from Plaintiff requesting appointment of counsel. Pl.'s Appointment Mot. As explained above, this Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Consequently, Plaintiff's request for appointment of counsel is denied as moot.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion to Revive Judgment Arbitration and Mediation Proceeding (ECF No. 14) is **GRANTED**, and the Clerk of Court is **DIRECTED** to reopen the case for the limited purpose of entering the rulings referenced in this Order. Plaintiff's Motion Requesting Leave to Proceed Without Payment (ECF No. 16) is **GRANTED**. Having determined that this Court lacks subject matter jurisdiction over Plaintiff's claims, Plaintiff's Complaint is **DISMISSED** pursuant to Rule 12(h)(3). Plaintiff's Motion Requesting Court to Appoint Counsel (ECF No. 18) is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

9